IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARYJO ABERNATHY, | |
| Plaintiff, | 2:25-CV-00530-CCW |
| v. | |
| FRANK J. BISIGNANO,[1] | |
| Defendant. | |

**OPINION**

Before the Court are cross motions for summary judgment. ECF Nos. 7, 15. For the reasons set forth below, the Court finds that the Commissioner's findings are supported by substantial evidence and will therefore be affirmed. Accordingly, the Court will DENY Plaintiff's Motion and GRANT Defendant's Motion.

**I.   Background**

Plaintiff protectively filed an application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, on August 1, 2022, alleging disability beginning January 11, 2022. (R. 60–61). Plaintiff sought a hearing after her application was initially denied and appeared telephonically for a hearing before an Administrative Law Judge ("ALJ") on March 26, 2024. (R. 17). On May 20, 2024, the ALJ found Plaintiff to be not disabled and denied her DIB application. (R. 28). The Appeals Council subsequently denied Plaintiff's request for review, which caused the ALJ's decision to become the final agency determination of Plaintiff's disability. (R. 1–3).

---

[1] Frank J. Bisignano is substituted as the defendant in this matter pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).  The clerk is directed to amend the docket to reflect this change.

Plaintiff now seeks review in this Court and asks the Court to reverse and remand this matter for further administrative proceedings. ECF No. 8 at 14.

**II.   Standard of Review**

For legal questions, the Court's review is plenary. *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). The Court reviews the ALJ's fact finding for "substantial evidence." *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019) (quoting 42 U.S.C. § 405(g)). The evidentiary threshold for "substantial evidence" is "not high." *Id.* at 103. It demands only that an ALJ's findings be supported by "such relevant evidence as a reasonable mind might accept as adequate." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla but may be somewhat less than a preponderance of the evidence." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (quotation omitted). If, upon review of the record as a whole, *Schaudeck*, 181 F.3d at 431, the Court determines that the ALJ's findings are supported by substantial evidence, the Court is bound by those findings even if it would have decided the case differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). Stated differently, the ALJ "must provide at least a glimpse into his reasoning," and "build an accurate and logical bridge between the evidence and the result." *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (citations omitted).

An ALJ's determination of disability proceeds in five steps. 20 C.F.R. § 404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. *Edwards v. Berryhill*, No. CV 16-475, 2017 WL 1344436, at *1 (W.D. Pa. Apr. 12, 2017) (citing 20 C.F.R. § 404.1520).

The ALJ uses a "special technique" to determine whether a mental impairment is severe at step two, in which he assesses the claimants' limitations across four broad functional areas: (1) understanding, remembering or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. § 404.1520a. The ALJ must "rate the degree of [the claimant's] limitation" across each of the four functional areas with one of five limitation ratings: none, mild, moderate, marked, or extreme. *Id.* If the claimants' functional limitations are rated as "none" or "mild," the claimant's mental impairment will generally be non-severe, "unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." *Id.* The functional limitation findings at step two are commonly referred to as the paragraph B findings.

The inquiries at steps four and five require the ALJ first to formulate a claimant's residual functional capacity ("RFC"), which is "the most [a claimant] can still do despite [his or her] limitations" from "medically determinable impairments" including those that are non-severe. 20

3

C.F.R. §§ 404.1545(a)(1)–(2), (5).  The ALJ's formulation of a claimant's RFC must be "based on all the relevant evidence in [the claimant's] case record," *id.* § 404.1545(a)(1), and it must include all limitations that a claimant proves to be credible.  *See Salles v. Comm'r of Soc. Sec.*, 229 F. App'x. 140, 147 (3d Cir. 2007) ("[T]he ALJ need only include in the RFC those limitations which he finds to be credible.").  The RFC is an administrative finding, not a medical opinion, which is reserved exclusively to the ALJ.  20 C.F.R. § 404.1520(b)(c)(3)(v).  The claimant bears the burden of proof for the first four steps, and the Commissioner bears the burden of proof at step five.  *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010).  Where an ALJ has articulated reasoning supporting a credibility determination, that determination is entitled to "great deference." *Horodenski v. Comm'r of Soc. Sec.*, 215 F. App'x. 183, 188–89 (3d Cir. 2007) (quoting *Atl. Limousine, Inc. v. NLRB*, 243 F.3d 711, 718 (3d Cir. 2001)).

### III. The ALJ's Decision

The ALJ first found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.  (R. 19).  Next, the ALJ found that Plaintiff had the following severe, medically determinable mental impairments: chronic pain due to cervical stenosis, right hip bursitis, degenerative changes of the first MTP joint of the left foot, lipodermatosclerosis of the lower extremities (systemic scleroderma), GAVE (gastric antral vascular ectasia) disease, anemia, Crest syndrome, and Raynaud's phenomenon.  (R. 19).  Still at step two of the five-step evaluation, the ALJ considered Plaintiff's physical impairments of hypothyroidism (thyroid cancer s/p thyroidectomy), hypertension, benign paroxysmal positional vertigo of left ear, obesity, obstructive sleep apnea, glaucoma/unspecified disorder of refraction OU, and unruptured cerebral aneurysm.  (R. 19–20).  The ALJ determined that these physical impairments were non-severe.  *Id*.  Still at step two, the ALJ considered Plaintiff's mental diagnoses of depression and anxiety.  (R.

20–22). To do so, the ALJ assessed Plaintiff's limitations across four areas of mental functioning, known as the "paragraph B" criteria, and found that Plaintiff had "mild" limitations in three of those areas: (1) understanding, remembering, or applying information; (2) interacting with others; and (3) concentrating, persisting, or maintaining pace. (R. 21). The ALJ found that Plaintiff had no limitations in the fourth area, adapting or managing herself. *Id*. Based on these findings, the ALJ determined that Plaintiff's diagnoses of depression and anxiety were non-severe.

At step three, the ALJ found Plaintiff had no impairments that met or equaled criteria for a listed impairment in 20 C.F.R. pt. 404, subpt. P., app 1. (R. 22). Having resolved steps one and two in Plaintiff's favor, but having found no presumptively disabling impairments at step three, the ALJ next formulated Plaintiff's RFC. The ALJ found Plaintiff to be capable of

> light work as defined in 20 CFR 404.1567(b) except the claimant is capable of occasionally climbing, maintaining balance over narrow, slippery, or erratically moving surfaces, stooping, kneeling, crouching, and crawling; never working at unprotected heights or in close proximity to (i.e., within arm's reach of) dangerous moving mechanical parts; no exposure to extreme cold; and no concentrated exposure to wetness and vibration.

(R. 22). To arrive at the RFC, the ALJ considered Plaintiff's symptoms (R. 22–23), treatment records from the relevant period (R. 23–26), consultative medical examinations (R. 26), and evidence of Plaintiff's activities of daily living (R. 25–26). Considering Plaintiff's RFC, the ALJ determined at step four that Plaintiff could perform her past relevant work, which the vocational expert classified as a semi-skilled receptionist—sedentary as generally performed, medium as actually performed. (R. 27). The ALJ thus found Plaintiff not to be disabled. *Id.*

IV.   **Legal Analysis**

Plaintiff contends that the ALJ committed two reversible errors in formulating her RFC. First, Plaintiff argues the exclusion of manipulative limitations from the RFC was not supported by substantial evidence. ECF No. 8 at 6–9. Second, Plaintiff argues the exclusion of mental

5

limitations from the RFC was not supported by substantial evidence. *Id.* at 9–14.  The Court will consider each of Plaintiff's arguments in turn.

      A.      **The ALJ's Decision to Exclude Manipulative Limitations from Plaintiff's RFC Was Supported by Substantial Evidence**

Plaintiff argues the ALJ committed reversible error by excluding manipulative limitations from Plaintiff's RFC. *Id*. at 6–9.  The exclusion of manipulative limitations was not, according to Plaintiff, supported by substantial evidence given the findings of consultative medical examiner Rebecca Geyer, a certified Family Nurse Practitioner ("NP"), who found that Plaintiff's grip strength was 50%. *Id*. at 6–7.  The Court concludes that the ALJ reasonably found NP Geyer's grip strength opinion not persuasive.  As the ALJ explained, the 50% grip strength finding was "not supported by testing during the consultative examination or by other physical examinations in the medical record."  (R. 26).  Specifically, the ALJ found NP Geyer's grip strength finding inconsistent with NP Geyer's other findings that Plaintiff had 4/5 strength in the upper extremities and that Plaintiff had intact hand and finger dexterity. *Id*.

The ALJ also found NP Geyer's grip strength finding inconsistent with evidence in the broader record that Plaintiff had "[n]o overt evidence of skin thickening or restriction of the hands" (R. 478);  "no calcifications or ulcerations noted on hands" (R. 480);  "no thickening, induration or restriction of [range of motion] in the hands" (R. 480);  and "normal strength in the upper extremities[.]"   (R. 532).  Additionally, the ALJ found NP Geyer's grip strength finding inconsistent with opinions from the two Disability Determination Services ("DDS") DDS medical consultants, both of whom the ALJ found to be persuasive, who ascribed no manipulative limitations to Plaintiff.  (R. 67, 78);  *see* 20 C.F.R. § 404.1513a(b)(1) (state agency consultants are "highly qualified and experts in Social Security disability evaluation"); *Horodenski v. Comm'r of Soc. Sec.*, 215 F. App'x. 183, 188–89 (3d Cir. 2007) (ALJ credibility determinations are entitled

6

"to great deference" (quoting *Atl. Limousine, Inc.,* 243 F.3d at 718)).  Therefore, the ALJ sufficiently explained why NP Geyer's grip strength finding was unpersuasive.  The ALJ's decision to exclude manipulative limitations from Plaintiff's RFC was thus supported by substantial evidence.

> B.   **The ALJ's Decision to Exclude Mental Limitations from Plaintiff's RFC Was Supported by Substantial Evidence**

Plaintiff next argues the ALJ committed reversible error by excluding her mild mental limitations from the RFC.  ECF No. 8 at 9–14.  Specifically, Plaintiff argues that the absence of mental limitations in the RFC was not supported by substantial evidence given the ALJ's "paragraph B" findings, in which the ALJ determined that Plaintiff had no more than "mild" limitations in three of four areas of mental functioning:  (1) understanding, remembering, or applying information;  (2) interacting with others;  and (3) concentrating, persisting, or maintaining pace.  *Id*. at 9–10;  (R. 20–22).[2]  According to Plaintiff, excluding non-severe paragraph B limitations from the RFC without explaining such exclusion is reversible error.  ECF No. 8. at 11–12.

The functional limitation findings at step two are undoubtedly "important" for the ALJ to consider when formulating the claimant's RFC at step four.  *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 209 (3d Cir. 2019).  But the functional limitation findings neither "dictate the terms of" nor "require the use of any particular language" in the RFC, so long as the RFC is "sufficient to reflect all of a claimant's impairments."  *Id*. at 209–210.  The United States Court of Appeals for the Third

---

[2] The ALJ found that Plaintiff had "no" limitations in the fourth area of mental functioning, "adapting or managing oneself."  (R. 21).  Plaintiff's brief includes a single statement that this finding was inconsistent with the opinion of the mental status consultative examiner.  ECF No. 8 at 11.  However, the rest of Plaintiff's briefing reflects that Plaintiff is challenging the exclusion of mild mental limitations from the RFC only, not the ALJ's paragraph B findings.  In any case, to the extent Plaintiff seeks to challenge the ALJ's paragraph B findings, the Court finds such arguments waived.  *See John Wyeth & Bro. Ltd. V. CIGNA Intern. Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("[A]rguments raised in passing . . . but not squarely argued[] are considered waived.")

Circuit has held that ALJs must offer a "valid explanation" if they determine that a claimant with moderate, marked, or severe limitations in "concentration, persistence, or pace" can nevertheless perform "simple tasks." *Id.* at 212 (quoting *Ramirez v. Barnhart*, 372 F.3d 546, 555 (3d Cir. 2004).

In this case, however, the ALJ found that Plaintiff has only "mild" difficulties in concentration, persistence or pace. (R. 22). Thus, the "valid explanation" rule articulated in *Hess* and *Ramirez* does not apply. But even if it did, the ALJ offered a fulsome explanation for the exclusion of Plaintiff's mild mental limitations from the RFC. In explaining his RFC finding, the ALJ noted that: Plaintiff "has never been hospitalized for psychological reasons and does not see a therapist"; that "[m]ental status examinations consistently report appropriate conduct, normal alertness, sober affect, . . . normal attention span, . . . and no manifestations of abnormal thought content"; that "[a] mental status consultative examination . . . disclose[d] cooperative behavior, adequate social skills, satisfactory hygiene and grooming, appropriate eye contact, . . . intact attention and concentration, intact memory, average intellectual functioning, good insight, and good judgment"; and that Plaintiff did not report that her daily activities were limited by her mental impairments. (R. 25).

The ALJ also stated that the exclusion of mental limitations from the RFC was consistent with the opinion of the mental status consultative examiner, Dr. Lederman, and with the opinions of the DDS psychological consultants, all of whom the ALJ found persuasive and all of whom opined that Plaintiff has no more than mild mental functional limitations. (R. 25–26). The ALJ thus provided a robust explanation for the exclusion of Plaintiff's non-severe mental impairments from the RFC. This explanation provides "sufficient development of the record and explanation of findings to permit meaningful review." *Jones*, 364 F.3d at 505. The decision to exclude mental limitations from the RFC was thus supported by substantial evidence.

## V. Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment will be DENIED and Defendant's Motion will be GRANTED.

DATED this 10th day of February, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record